# ADJUSTABLE RATE NOTE
## 5 Year Fixed Rate Payment Option

GOLDENHERSH
Loan #: 1001894811
MIN: 100058310000809766

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.

| JULY 14, 2006 | GREENWOOD VILLAGE | COLORADO |
|---|---|---|
| [Date] | [City] | [State] |

6500 EAST PRENTICE AVENUE, GREENWOOD VILLAGE, CO 80111
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $910,000.00 (this amount, including any increase to this amount under the terms of this Note, is called "Principal"), plus interest, to the order of Lender. The Principal amount may increase as provided in this Note, but can never exceed the maximum amount specified in Section 3(F) of this Note. Lender is LOANCITY , A CALIFORNIA CORPORATION. I will make all payments under this Note in the form of cash, check, or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

### (A) Interest Rate

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will initially pay interest at a yearly rate of 7.000%. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### (B) Interest Rate Change Dates

The interest rate I will pay may change on the first day of AUGUST, 2011, and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date. Although the interest rate may change monthly, my monthly payment will be recalculated in accordance with Section 3.

### (C) Interest Rate Limit

My interest rate will never be greater than 9.950%.

### (D) Index

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the "Twelve-Month Average" of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (h.15)" (the "Monthly Yields"). The Twelve Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable

1001894811

information. The Note Holder will give me notice of this choice.

### (E) Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE-FOURTH percentage point(s) (2.250%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limit stated in Section 2(C) above, the result of this addition will be my new interest rate until the next Interest Rate Change Date.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month.

I will make my monthly payments on the first day of each month beginning on SEPTEMBER 1, 2006. Each of these dates is called a "Payment Due Date." I will make these payments every month until I have paid all the Principal and interest and any other charges that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on AUGUST 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 5671 SANTA TERESA BOULEVARD, SUITE 100, SAN JOSE, CA 95123 or at a different place if required by the Note Holder.

### (B) Minimum Payment; Amount of My Initial Monthly Payments

My "Minimum Payment" is the minimum amount the Note Holder will accept for my monthly payment, which the Note Holder will determine in accordance with this Section 3(B), or Section 3(D), 3(F) or 3(G), below, as applicable.

Each of my initial Minimum Payments will be in the amount of U.S. $3,655.02 until a new Minimum Payment is required as provided below. If my Minimum Payment is not sufficient to cover the interest due under this Note, the difference will be added to my Principal amount as provided in Section 3(E) below. My initial Minimum Payment may not be sufficient to cover the interest due.

### (C) Payment Change Dates

My Minimum Payment may change as required by Section 3(D) below beginning on the first day of SEPTEMBER, 2011, and on that day every 12th month thereafter through my 109th Payment Due Date. Beginning with my 121st Payment Due Date, my Minimum Payment may change monthly thereafter. Each of these dates is called a "Payment Change Date." My Minimum Payment also will change at any time Section 3(F) below requires me to pay a different amount.

I will pay at least the amount of my new Minimum Payment each month beginning on each Payment Change Date or as provided in Section 3(F) or 3(G) below.

### (D) Calculation of Monthly Payment Changes

Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Payment Change Date in full on the Maturity Date in substantially equal installments at the interest rate effective during the month preceding the Payment Change Date. The result of this calculation is called the "Full Payment." For the Payment Change Dates occurring on the 61st, 73rd, 85th, 97th, and 109th Payment Due Dates, the Note Holder also will multiply the amount of my last Minimum Payment due before the Payment Change Date by the number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) below requires me to pay a different amount, the amount of my new Minimum Payment that will be effective on each of the 61st, 73rd, 85th, 97th, and 109th Payment Change Dates will be the lesser of the Full Payment or the Limited Payment. The amount of my new Minimum Payment that will be effective on each of the Payment Change Dates beginning with the 121st Payment Due Date and continuing monthly thereafter will be the Full Payment, as provided in Section 3(G) below.

The Minimum Payment applies only to the Principal and interest payment and does not apply to any escrow payments

1001894811

the Note Holder may require under the Security Instrument (as defined in Section 11 of this Note, below).

(E) Additions to My Unpaid Principal

My monthly payment could be less than or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal. The Note Holder also will add interest on the amount of this difference to my unpaid Principal each month. The interest rate on the interest added to Principal will be the rate required by Section 2 above. For each month that my monthly payment is greater than the interest portion, the Note Holder will apply the payment as provided in Section 3(A).

(F) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid Principal can never exceed a maximum amount equal to 115% of the Principal amount I originally borrowed. Because of my paying only limited monthly payments, the addition of unpaid interest to my unpaid Principal under Section 3(E) above could cause my unpaid Principal to exceed that maximum amount. In that event and unless Section 3(G) requires me to pay a different amount, on the Payment Due Date that my paying my monthly payment would cause me to exceed that limit and continuing each monthly Payment Due Date thereafter through the 120th Payment Due Date, I will instead pay a new monthly payment in an amount not less than the amount that would pay the interest portion of the monthly payment at the interest rate effective during the month preceding the applicable Payment Due Date. This amount will be my new Minimum Payment. This means that my Minimum Payment may change monthly. This method of calculating my new Minimum Payment amount will remain in effect until the 121st Payment Due Date.

(G) Required Full Payment

Beginning on the Payment Change Date that occurs on the 121st Payment Due Date and continuing monthly thereafter, I will pay the Full Payment as my Minimum Payment until my payment changes again.

(H) Payment Options

Each month the Note Holder may provide me with up to three additional payment options (in addition to the Minimum Payment) that are equal to or greater than the Minimum Payment, which are called "Payment Options." I may be given the following Payment Options:

(i) Interest Only Payment: the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option. This payment option will not be available beginning with the 121st Payment Due Date.

(ii) Fully Amortized Payment: the amount necessary to pay the loan off (including all Principal and interest) on the Maturity Date in substantially equal installments at the interest rate effective during the preceding month. This Payment Option is calculated on the assumption that the current interest rate will remain in effect until the loan is paid in full, however, the current interest rate may in fact change in accordance with Section 2(B) above.

(iii) 15 Year Amortized Payment: the amount necessary to pay the loan off (including all Principal and interest) within a fifteen (15) year period from the first payment due date in substantially equal installments at the interest rate effective during the preceding month. This Payment Option is calculated on the assumption that the current rate will remain in effect until the loan is paid in full, however, the current interest rate may in fact change in accordance with Section 2(B) above.

<u>Payment Options will only be available if they are equal to or greater than the Minimum Payment.</u>

(I) Failure to Make Adjustments

If for any reason the Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree the Note Holder may, upon discovery of such failure, then make the adjustment as if they had been made on time. I also agree not to hold the Note Holder responsible for any damages to me that may result from the Note Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess

1001894811

monies that I may have paid to partial Prepayment of unpaid Principal.

## 4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received at least the full amount of any Minimum Payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue Minimum Payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay at least the full amount of each Minimum Payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right

5 YEAR FIXED RATE PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE 05/06
9796.5                                       Page 4 of 6

1001894811

to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is

1001894811

given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_[signature]_ 07/14/06
- BORROWER - RANDY S. GOLDENHERSH - DATE -

*[Sign Original Only]*

5 YEAR FIXED RATE PAYMENT OPTION MULTISTATE ADJUSTABLE RATE NOTE 05/06
9796.5                                                           Page 6 of 6

PAY TO THE ORDER OF
__RESIDENTIAL FUNDING COMPANY, LLC__
WITHOUT RECOURSE
This 19th day of JULY, 2006
LoanCity
A CALIFORNIA CORPORATION
X _____
Meredith Brannon
Senior Loan Closer

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC
BY _____
Judy Faber, Vice President

NOTE ALLONGE
====================================

For purposes of further endorsement of the following described Note, this Allonge is affixed and becomes a permanent part of said Note:

Loan #. 0021706007

Executing Mortgagor: Randy S. Goldenhersh

Original Mortgage Amount:     $910,000.00

Original Lender· Loancity, a California Corporation

Loan Date: July 14, 2006

Property Address: 6500 East Prentice Avenue, Greenwood Village, CO 80111

Without recourse pay to the order of: Aurora Loan Services LLC

By· _____
Name  Vickie Vu
Title. Its Limited Signing Officer
Company   Deutsche Bank Trust Company Americas as Trustee FKA Bankers Trust Company, as Trustee by Residential Funding Company, LLC FKA Residential Funding Corporation, it's Attorney in Fact

# PREPAYMENT FEE ADDENDUM TO NOTE

GOLDENHERSH
Loan #: 1001894811
MIN: 100058310000809766

This Prepayment Fee Addendum ("Addendum") is made this **14TH** day of **JULY, 2006**, and is incorporated into and intended to form a part of the Note dated the same date as this Addendum and also amends and supplements the mortgage, deed of trust, security deed, or security instrument (the "Security Instrument") dated the same date as this Addendum and the Note. To the extent that the provisions of this Addendum are inconsistent with the provisions of the Note and/or the Security Instrument, the provisions of this Addendum shall prevail over and will supercede any such inconsistent provisions of the Note and/or the Security Instrument.

The section of the Note entitled **BORROWER'S RIGHT TO PREPAY** is amended to read in its entirety as follows:

**BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

If I make a full Prepayment within **THIRTY-SIX (36)** months of the date of this Note, I agree to pay the Note Holder a Prepayment fee. The Prepayment fee I will pay shall be an amount equal to **SIX (6)** months advance interest on the amount of the Prepayment that, when added to all other amounts prepaid during the twelve (12) month period immediately preceding the date of the Prepayment, exceeds **TWENTY** percent (**20.000%**) of the original principal amount of this Note. I will not be obligated to pay a Prepayment fee if such a charge violates state or federal law.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_[signature]_
- BORROWER - RANDY S. GOLDENHERSH - DATE -