IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01936-MSK

RANDY S. GOLDENHERSH,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC
DALE & DECKER, LLC
HOLLY DECKER,
TONI M.N. DALE,
JAMIE G. SILER, and
ANA-MARIA PETERS-RUDDICK, Public Trustee of Arapahoe County,

    Defendants.

---

**OPINION AND ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

---

**THIS MATTER** comes before the Court pursuant to the *pro se*[1] Plaintiff's Motion for Temporary Restraining Order **(# 2)**.

The Plaintiff *pro se* commenced this action on August 13, 2010. His Complaint **(# 1)**

---

[1] In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

1

appears to assert a variety of claims relating to a loan secured by a deed of trust recorded against his residence. The loan has apparently been declared in default by the holder of the deed of trust, purportedly Defendant Aurora Loan Services ("Aurora"), and some of the defendants are currently involved in foreclosure proceedings pending in the Colorado state courts. The Plaintiff asserts a number of claims under a variety of federal statutes, including the Fair Debt Collections Practices Act, the Truth In Lending Act, and the Fair Credit Reporting Act, among others.

The Plaintiff has previously sued the same parties, asserting many of the same claims in *Goldenhersh v. Aurora Loan Servs.,* D.C. Colo. Case No. 10-cv-00407-MSK-MEH. On April 2, 2010, the parties stipulated to the dismissal of that action, including dismissal of the Plaintiff's claims therein with prejudice. In the instant action, the Plaintiff seeks to avoid the operation of that dismissal, alleging variously that the dismissal of his claims had only retrospective effect and does not preclude claims based on the Defendants' violations of law occurring since the settlement, that the Defendants have breached the terms of that settlement, and that the settlement was procured by fraud, rendering it void.

In the instant motion **(# 2)**, the Plaintiff moves for a temporary restraining order pursuant to Fed. R. Civ. P. 65(a)(2), alleging that a foreclosure sale on the property has been scheduled for August 18, 2010.

Fed. R. Civ. P. 65(b) sets for the requirements for a party seeking an *ex parte* temporary restraining order. Two specific requirements are identified: (i) the party must, "in an affidavit or verified complaint, clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (ii) the party's

attorney must "certify in writing any efforts made to give notice and the reasons why it should not be required." These are the only to requirements expressly noted in the Rule for issuance of a temporary restraining order, but courts often require the movant to also make the same type of showing necessary to obtain a preliminary injunction – namely, a likelihood of success on the merits, an imminent irreparable injury, that the balance of equities favors the movant, and that the requested relief is not adverse to the public interest. *See e.g. Iowa Pacific Holdings, LLC v. National R.R. Passenger Corp.*, 2009 WL 5216938 (D. Colo. Dec. 23, 2009) (slip copy) (Blackburn, J.).

Here, the Court finds that the Plaintiff has failed to make the showing required to obtain a temporary restraining order. Most notably, the Plaintiff has not complied with the facial requirements of Fed. R. Civ. P. 65(b). He has not supplied the Court with either an affidavit or verified complaint setting forth the circumstances warranting relief. The Complaint in this action is not verified, and although the Motion for Temporary Restraining Order is captioned as an "Ex Parte Verified Motion," its contents are not verified under penalty of perjury. Moreover, nothing in the Plaintiff's filings recite the efforts he has made to give notice to the Defendants of this request, nor shown grounds as to why such relief should be excused. For this reason alone, the request is subject to denial.

However, despite non-compliance with the requirements of Fed. R. Civ. P. 65(b), the Plaintiff has not shown a likelihood of success on the merits of any claim that would be sufficient to prevent foreclosure[2] on the property or that the balance of equities tips in his favor.

---

[2]Most of the Plaintiff's claims supply remedies in the form of monetary damages, but do not provide for recision of the underlying loan agreement. In other words, even if the Plaintiff succeeded at trial on most of his claims, the mortgage – and the Plaintiff's indebtedness

Turning first to the likelihood of success on the merits element, the Court has grave doubts that the Plaintiff can succeed on the claims in this action, particularly in light of the settlement of the prior action and the dismissal of his claims with prejudice. Although the Plaintiff has made perfunctory allegations that the settlement is voidable, having been procured by fraud, he does not plead any particular facts supporting an assertion of fraudulent inducement; his allegations of fraud are entirely conclusory. Fed. R. Civ. P. 9(b) (allegations of fraud must be pled with particularity).

The Court is also unconvinced that many of the conclusory assertions in the Complaint could survive a challenge under Fed. R. Civ. P. 12(b). *See generally Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (requiring plaintiff to plead facts, not legal conclusions). Moreover, one of the central thrusts of the Plaintiff's contentions appears to be that Aurora is not the actual holder of the note, and thus, cannot instigate a foreclosure. The Court assumes that the Plaintiff raised that defense in the C.R.C.P. 120 hearing in state court and that the state court found that argument unpersuasive. *Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989) (defense that party seeking foreclosure is not a party with an interest in the note cognizable in Rule 120 proceeding). There is some question as to whether the state court determination at the Rule 120

---

thereunder – would remain, as would the right of the lender to foreclose so long as the loan was in default. As best the Court can determine, of the federal statutes cited by the Plaintiff, only the Truth In Lending Act permits a party aggrieved by violation of that Act to rescind the underlying transaction; however, the express limitations on the scope of that remedy would apparently not permit recision in the circumstances presented here. *See e.g.* 15 U.S.C. § 1635 (rescission available, but not applicable to residential mortgage transactions or refinances thereof, and may be exercised only within 3 years of the entry into the transaction). Moreover, a party invoking the right of recision under the Truth In Lending Act must also be prepared to tender back any funds he received upon entering into the transaction. 15 U.S.C. § 1635(b). Thus, even if the Plaintiff succeeded in setting aside the mortgage in this action, he would nevertheless be required to pay back to Aurora the full amount of the initial mortgage.

4

hearing has preclusive effect. *Compare Rousseau v. Bank of New York*, 2009 WL 3162153 (D. Colo. Sept. 29, 2009) (unpublished) (federal suit challenging Rule 120 determination by state court not subject to doctrines of abstention or preclusion, as Rule 120 hearing does not result in a judgment that can be given preclusive effect) *with Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC,* 2007 WL 1346591 (D. Colo. May 7, 2007) (unpublished) (federal suit challenging Rule 120 determinations by state court subject to abstention under either *Rooker-Feldman* or *Younger* principles). In the absence of clear precedent recognizing the ability of federal courts to revisit (and possibly reverse) state court determinations of whether the party seeking foreclosure is indeed the holder of the note, this Court is extraordinarily reluctant to find that the Plaintiff here has shown a likelihood of success on the merits sufficient to warrant halting the foreclosure proceedings.

As to the balance of the equities element, notwithstanding the Plaintiff's assertions that the Defendants have defrauded the state court system, this Court must assume for the time being that the state court is satisfied that Aurora has shown itself to be the holder of the note on the Plaintiff's property and has shown that the loan is indeed in default. Thus, Aurora appears to currently be entitled to foreclose on the property and recover the Plaintiff's indebtedness from a foreclosure sale.

Barring a showing that the Plaintiff is prepared to place into escrow funds necessary to bring the loan current (and that he is capable of making future payments as called for under the note) while the litigation resolves who – Aurora or some other lender[3] – is entitled to those

---

[3] The Court does not understand the Plaintiff to assert that <u>no one</u> holds a mortgage on the property, only that Aurora is not the holder.

funds, enjoining the foreclosure at this time works a financial hardship on Aurora, and confers an undue benefit on the Plaintiff. Stripped of the ability to enforce the terms of the loan agreement via foreclosure, Aurora is both deprived of the ability to recover some or all of its funds on the loan and must countenance an ongoing default by the Plaintiff for the duration of a litigation that may last years. Meanwhile, the Plaintiff continues to enjoy possession of the property and, at least in practice, is relieved of the obligation of making any further payments on the loan. The Plaintiff makes no mention is his papers of his willingness or ability to post such security, and in the absence of a representation of both willingness and ability, the Court finds that the balance of the equities does not tip in favor of injunctive relief.[4]

Accordingly, because the Court is unconvinced that the Plaintiff has demonstrated a likelihood of success on the merits and the balance of equities tipping in his favor, the Court would deny the request for emergency injunctive relief on the merits as well. For these reasons, the Plaintiff's Motion for Temporary Restraining Order **(# 2)** is **DENIED**. The extent that the motion is deemed to also request a preliminary injunction, the motion is **DENIED** for the reasons set forth herein.

---

[4] Viewed from the Plaintiff's perspective, the major equity weighing in favor of an injunction is the unique attachment he has to the property, an attachment that could not be adequately remedied with monetary damages if foreclosure is allowed to proceed but is later found to be improper. In the abstract, this sort of irreparable injury might heavily tip the balance of equities towards the Plaintiff, but the Court notes that the C.R.C.P. 120 proceeding has already offered the Plaintiff one judicial forum in which to air certain defenses against foreclosure by Aurora (defenses which the state court necessarily found to be without merit).

Whatever may be said about the degree of protections afforded by the Rule 120 process, *see e.g. Hastings v. Security Thrift & Mortg. Co.*, 357 P.2d 919, 921 (Colo. 1961) (Rule 120 proceeding not adversarial in nature), the fact remains that at least one judicial body has considered and rejected the Plaintiff's contention that foreclosure is improper.

Dated this 16th day of August, 2010

                                                  **BY THE COURT:**

                                        */s/ Marcia S. Krieger*
                                        _____

                                        Marcia S. Krieger
                                        United States District Judge