# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 10-cv-01936-MSK

RANDY S. GOLDENHERSH,

        Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware
limited liability company; DALE & DECKER, LLC,
a Colorado limited liability company; HOLLY DECKER;
TONI M.N. DALE; JAMIE G. SILER, ESQ. and ANNA
MARIA PETERS-RUDDICK, as the Public Trustee of
Arapahoe County, Colorado

        Defendants.

---

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)

---

Defendant, Aurora Loan Services LLC ("Aurora") respectfully submits its motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Pursuant to this Court's practice standards, undersigned counsel has conferred with the Chapter 7 Trustee, Janice Steinle, who controls the claims on behalf of the plaintiff's bankruptcy estate, regarding this motion. Settlement discussions are ongoing; however, Ms. Steinle has not yet indicated her position regarding the relief requested herein.

## SUMMARY

Plaintiff has previously sued the same parties, asserting the same claims, in *Goldenhersh v. Aurora Loan Servs*., D.C. Colo. Case No. 10-cv-00407-MSK-MEH. On April 2, 2010, Plaintiff stipulated to the dismissal of that action, *with prejudice*. In this case, plaintiff seeks to avoid that dismissal, and his obligations under the current settlement agreement and release of all

claims, alleging that the dismissal of his claims had only retrospective effect and does not preclude new claims based on the same alleged facts. It does not matter. His original claims were frivolous and subject to dismissal under Rule 12(b), and his re-pleading of those claims is equally frivolous – and now barred by res judicata.

In addition, plaintiff executed (referenced in his complaint, and attached to his request for injunction) a full release of all claims, including those raised in this case. Here, sixteen of the plaintiff's twenty-one claims are a verbatim "cut and paste" from the dismissed complaint in 10-cv-407-MSK-MEH. The instant complaint contains 88 paragraphs that are identical to those in the dismissed complaint, exclusive of "incorporating" paragraphs. All of the claims dismissed in 10-cv-407-MSK-MEH are barred by the doctrine of res judicata. Plaintiff's remaining claims for breach of the settlement agreement all fail as a matter of law. As such, each of plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## RELEVANT FACTS IN COMPLAINT

Randy S. Goldenhersh (the "plaintiff") entered into a mortgage loan transaction (the "Loan") on July 14, 2006 with LoanCity. Compl. ¶ 10. The Loan was evidenced by a promissory note (the "Note") and deed of trust (the "Deed of Trust"), encumbering plaintiff's property in Greenwood Village, Colorado (the "Property"). Compl. ¶ 10. Aurora is the assignee and present holder of the Note. Compl. ¶ 15; *see also* Exhibit 1.[1] On November 23, 2010, the Arapahoe County District Court, in case number 2009cv205048 (the "First Foreclosure Action"),

---

[1] The Court may consider documents attached to plaintiff's complaint, or referenced in plaintiff's complaint and central to plaintiff's claims without transforming the motion into one for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997); *Johnson v. Liberty Mut. Fire Ins. Co.*, 653 F. Supp. 2d 1133, 1143 (D. Colo. 2009). Here, the Note, with indorsements and allonge, are both central to plaintiff's claims and referenced extensively within the complaint.

issued an Order Authorizing the Sale of the Property.  *See* Exhibit 2.[2]  On February 22, 2010, two days before the public trustee's sale of the Property, plaintiff filed a complaint raising a number of state and federal claims against Aurora Loan Services LLC, Dale & Decker, LLC, Holly Decker, Toni Dale, and the Public Trustee of Arapahoe County, seeking to enjoin the foreclosure sale.  On February 24, 2010, defendants removed that case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1331.  The case was assigned number 10-cv-407-MSK-MEH.[3]  On April 2, 2010, the parties entered into a settlement agreement (the "Settlement Agreement") and filed a stipulation to dismiss all claims in 10-cv-407-MSK-MEH, *with prejudice* (the "Dismissed Claims").  *See* Exhibit 3;[4]  *see also* Compl. ¶ 6.

Pursuant to the Settlement Agreement, executed by Plaintiff on April 2, 2010, Aurora agreed to give plaintiff more time before foreclosing – i.e.  re-file a new foreclosure action, thereby giving the Plaintiff time to cure his default under the Loan.  *See* Compl. ¶ 8.  Aurora therefore agreed to dismiss the pending state court foreclosure action, provide the Plaintiff with a copy of Note, Deed of Trust, and Assignment in Aurora's possession. *see* Exhibit 3, ¶¶ 4, 5, 6.
In exchange, plaintiff expressly acknowledged that his claims were without merit and waived all challenges to the new foreclosure action to be filed, and released Aurora from all claims, including those asserted in this case.  *See* Exhibit 3, ¶¶ 7, 8.

---

[2]  Court documents, and documents recorded in the property records are a matter of public record.  The Court may take judicial notice of facts that are a matter of public record; and facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.  *See Grynberg v. Koch Gateway Pipeline Co*., 390 F.3d 1276 (10th Cir. 2004) (citing 27A Fed.Proc. L.Ed. §62:520 (2003); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)).
[3]  *See* Footnote 2.
[4]  *See* Footnote 1.  The Settlement Agreement is central to plaintiff's claims, referenced several time in the complaint, and was attached by plaintiff to his motion for injunctive relief. (ECF Document 3-3).

In addition to re-asserting the Dismissed Claims, plaintiff now claims breach of the Settlement Agreement.  However, as discussed below, his own allegations and the public records (i.e. recorded documents and court records) show otherwise.  Plaintiff's motivations are transparent as he again, like in the last case, filed a lawsuit two days before the foreclosure sale to try to stall the foreclosure.  Plaintiff's complaint fails to state any claim upon which relief may be granted, and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## **LEGAL STANDARD**

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *See Cleary Bldg. Corp v. David A. Dame, Inc*., 2009 U.S. Dist. LEXIS 111594, 5-7 (D. Colo. Dec. 1, 2009) citing *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

The pleading standard established by the U.S. Supreme Court is whether the complaint contains enough facts to state a claim to relief that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  In *Twombly* the Court explained that "a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id*. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts" is insufficient, and the complaint "must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Twombly's* "plausibility" standard was further explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  In *Ashcroft*, the Supreme Court held that a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do.  *See Ashcroft* at 1949.  Even under the liberal pleading standards of Rule 8, which do not require "detailed factual allegations," the plaintiffs must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id* at 1949.  A complaint must fail if tenders "naked assertions" devoid of further facts. *Id.*

The Court may consider documents attached to plaintiff's complaint, referenced in plaintiff's complaint, and central to plaintiff's claims without transforming the motion into one for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997); *Johnson v. Liberty Mut. Fire Ins. Co.*, 653 F. Supp. 2d 1133, 1143 (D. Colo. 2009).

## <u>LEGAL ARGUMENT</u>

**I.  Plaintiff's Second, Third, Fifth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty First Claims are Barred by the Doctrine of Res Judicata.**

Sixteen of the claims in this case are verbatim identical to the Dismissed Claims. In fact, paragraphs 40 – 138 of the instant complaint, including plaintiff's claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership Equity Protection Act ("HOEPA"), Fair Credit Reporting Act (FCRA"), Racketeer Influenced and Corrupt Organizations claims, breach of contract, misrepresentation, civil conspiracy, and quiet title are a "cut and paste" of paragraphs 51 - 139 of the Dismissed Claims.

The doctrine of res judicata precludes assertion of a claim if: (1) there was a prior lawsuit which ended with a judgment on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000). A dismissal with prejudice equates to an adjudication on the merits. Fed. R. Civ. P. 41(b). Dismissal of a plaintiff's claim, with prejudice, bars a second suit by the same plaintiff on the same claim in the same court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001); see also *Mitchell v. KDJM-FM Jammin 92.5*, 2010 U.S. Dist. LEXIS 91937, 2-3 (D. Colo. 2010); Wright & Miller, Federal Practice and Procedure, § 373.

Plaintiff had a full and fair opportunity to litigate the claims in Case No. 10-cv-407-MSK-MEH, and plaintiff *stipulated* to dismissal of that case with prejudice. Therefore, each of the sixteen claims dismissed with prejudice in 10-cv-407-MSK-MEH are barred in this case as a matter of law.

## II.    Plaintiff's Claims are Barred by the *Rooker-Feldman* Doctrine and 28 U.S.C. §2283.

Irrespective of the prior dismissal, plaintiff's complaints are directed towards stopping a state court foreclosure proceeding and undoing an order authorizing sale already entered by the state court.  *See* Exhibit 4.[5]  The *Rooker-Feldman* doctrine prevents federal courts from acting as an appellate forum for orders entered by the state courts.  *Rooker v. Fidelity Trust Co.*, 263 U.S.

---

[5] *See* Footnote 2.

413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).   Here, plaintiff's complaint seeks a ruling that would nullify or appeal the Order Authorizing Sale already entered by the State court, which necessarily found that there was a valid deed of trust and a default under that deed of trust.   *See* C.R.C.P. 120; *see also United Guar. Residential Ins. Co. v. Vanderlaan,* 819 P.2d 1103 (Colo. App. 1991); *Plymouth Capital Co. v. District Court,* 955 P.2d 1014 (Colo. 1998).

A federal court must abstain from serving as an appellate forum for the Colorado Rule 120 proceeding or enjoining Colorado state Public Trustee's foreclosure proceedings. *See Memphis St., LLC v. Lowe Enter. Residential Invest.,* 2007 U.S. Dist. LEXIS 35519, at 3 (Dist. Colo., 2007)(holding that the appropriate manner in which to challenge an Order Authorizing Sale from the state court is in an independently filed action in the same forum in which the Rule 120 action took place.).

The Federal Anti-Injunction Act, codified at 28 U.S.C. §2283 prevents the federal courts from enjoining the state administrative and court proceedings.  *See Oklahoma Packing Co. ET AL. v. Oklahoma Gas & Electric Co. ET AL.,* 309 U.S. 4 (U.S. 1939), *Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (U.S. 1970).   The anti-injunction act has been used to prevent plaintiffs from obtaining relief from state foreclosure proceedings in federal court.  In *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127 (U.S. Ct. App. 5th Cir. 1990), the plaintiff sought relief from state foreclosure proceedings in Federal court.  The court held that the anti-injunction act precluded any stay of the state foreclosure proceedings and noted, "[the anti-injunction act] has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that

action falls within one of the act's three specifically designated exceptions" *Id*. at 131-132. *See also, Horton v. Clark*, 1991 U.S. App. LEXIS 27773, at 2, (10th Cir., 1991).

To the extent that Plaintiff seeks injunctive relief to enjoin the scheduled public trustee sale, such relief is barred by 28 U.S.C. § 2283.

**III.    Plaintiff's First and Fourth Claims for Breach of Contract Fail as a Matter of Law.**

Plaintiff's first and fourth claims allege that "defendants" breached the Settlement Agreement because (1) the allonge to the Note is not valid; (2) the pending foreclosure was not dismissed within 10 days as required by the Settlement Agreement; and (3) because a new foreclosure action was commenced prior to providing "evidence that Aurora is the owner and holder" of the Note.   Each of these assertions is demonstrably false as evidenced by the Settlement Agreement and the documents contained in the public record.  *See* Exhibit 3.

The Settlement Agreement at ¶ 5 provides that:

> "Aurora agrees that, within 15 business days of execution of this Agreement, Aurora shall provide to Goldenhersh at his last known address a letter specifying the name and address of the present owner of the Loan and confirming that Aurora is the present servicer of the Loan, together with a copy of any relevant note endorsements or allonges and any assignments of the Deed of Trust presently available to Aurora."

Plaintiff acknowledges that Aurora provided these documents on April 14, 2010.  Compl. ¶ 28. However, plaintiff makes the meritless argument that the allonge provided is somehow legally defective.   By the plain language of the Settlement Agreement, however, Aurora complied by providing "a copy of any relevant note endorsements or allonges and any assignments of the Deed of Trust presently available to Aurora."  Exhibit 3, ¶ 5.  Plaintiff simply attacks the legal

validity of the underlying documents, not Aurora's compliance under the Settlement Agreement.[6]

Next, plaintiff claims that "defendants" breached by failing to dismiss the pending state court foreclosure action within 10 days. Paragraph 4 of the Settlement Agreement states:

> "Within 10 business days of execution of this Agreement, Aurora and/or Foreclosure Counsel shall cause the Foreclosure to be withdrawn, and the Rule 120 Case to be dismissed, without prejudice."

Here, the Settlement Agreement was executed by plaintiff on April 2, 2010. *See* Exhibit 3. A withdrawal of the Notice of Election and Demand for Sale was recorded in the Arapahoe County property records at reception number D0035493 on April 14, 2010, only eight business days after execution of the Settlement Agreement. *See* Exhibit 5. A motion to dismiss the first state court foreclosure action, without prejudice, was filed on April 12, 2010, only six business days after execution of the Settlement Agreement. *See* Exhibit 6. Giving plaintiff the benefit of the doubt, perhaps he failed to count *business* days. But in any event, there is no breach of the Settlement Agreement properly alleged in plaintiff's complaint.

Finally, plaintiff claims that "defendants" breached the Settlement Agreement by filing the new foreclosure action too soon - before providing "evidence that Aurora is the owner and holder." However, on its face, the Settlement Agreement imposes no such duty. Rather, to the contrary, plaintiff acknowledged that Aurora "qualifies as the holder of the evidence of debt" and agreed not to delay or hinder the new foreclosure. *See* Exhibit 3, ¶ 7. As discussed above, Aurora was required to provide a copy of any relevant note endorsements or allonges and any

---

[6] Plaintiff's legal arguments regarding the note indorsements are frivolous, and again, all such claims were dismissed, with prejudice, as part of the Dismissed Claims.

assignments of the Deed of Trust presently available, and plaintiff admits that he received this information on April 14, 2010.  Compl. ¶ 28.

Plaintiff has failed to state any plausible claim against Aurora for breach of the Settlement Agreement because, as discussed above, his allegations are both contrary to the Settlement Agreement itself and public records subject to judicial notice.  In addition to the prior dismissal with prejudice, plaintiff's first and fourth claims for breach of the Settlement Agreement should be dismissed as a matter of law, and as implausible, pursuant to Fed.R.Civ.P. 12(b)(6).

## IV.    Plaintiff Cannot Prove Elements of Second and Third Claims for Misrepresentation.

Plaintiffs' third and fourth claims allege "false representations" to the public trustee and to the Arapahoe County District Court in connection with the state court foreclosure proceeding.  However, "false representation" is a fraud claim, and plaintiff has failed to plead fraud with particularity as required by Rule 9.  *See Bayview Loan Servicing, LLC v. Boland*, 2009 U.S. Dist. LEXIS 97073 (D. Colo. Sept. 30, 2009).  In addition to lacking averments regarding the "who, what, where, when and how" required under Rule 9, plaintiff does not allege any facts necessary to meet essential elements like reliance, damages and causation.  In fact, each claim consists of one vague and conclusory sentence generally complaining about the validity of the indorsement of the Note.

To prove fraud by misrepresentation, a plaintiff must show:

(1) the defendant concealed a fact which he had a duty to disclose;
(2) the fact was material;
(3) at the time the representation was made, the defendant either knew the representation was false or was aware that he did not know whether the representation was true or false;
(4) the defendant made the representation with the intent that the plaintiff would rely on the representation;

10

(5) the plaintiff relied on the representation; and

(6) the plaintiff's reliance was justified;

*See Bayview,* supra at 8-9; *also see* CJI-Civ. 19:1.

Plaintiff has not pled the elements necessary to maintain such a claim against Aurora. Each claim against "the defendants" is based solely on plaintiff's meritless argument that Aurora is not the holder of the Note, notwithstanding the fact that the Note is indorsed to Aurora,. Comp. ¶ 15.

Viewed under the heightened standard required by Rule 9, the fraud claims are even more deficient. Under F.R.C.P. 9, a plaintiff alleging fraud must set forth the time, place and contents of the alleged false representation, the identity of the party making the false statements, and the consequences thereof. *See Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997). Here, the claims are not plausible, not pled with particularity, and should be dismissed with prejudice (again) under Rules 8, 9 and 12(b)(6), F.R.C.P.

**V.      Plaintiff's Due Process Claim is Frivolous.**

Plaintiff claims that the Colorado's Rule 120 foreclosure process violates his due process rights under the United States and Colorado constitutions. Compl. ¶ 32. This claim is frivolous. The Colorado state court foreclosure process afforded the Plaintiff with due process rights. *See US Bank v. Roberts,* 367 B.R. 677, 687 (Bankr. D. Colo. 2007).

"[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Kirkland v. St. Vrain Valley Sch. Dist. No. RE-1J*, 464 F.3d 1182, 1191-1192 (10th Cir. Colo. 2006) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)). Here, plaintiff had his opportunity to be heard before being foreclosed upon. Additionally, plaintiff's request to overturn the state court foreclosure proceedings would violate the *Rooker-*

*Feldman* doctrine and Anti-Injunction Act.   Plaintiff's claim fails as a matter of law, is not plausible, and should be dismissed, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

## VI.    Plaintiff's Claims for "Void or Voidable Settlement Agreement" Fail as a Matter of Law.

Plaintiff's sixth and seventh claims assert that the Settlement Agreement is void or voidable based on (1) fraud in the inducement; and (2) because it "purports to secure plaintiff's waiver of defendant's violation of the law prior to the Settlement Agreement, including [the Dismissed Claims]."

Fraud in the inducement consists of inducing one by some fraudulent representation or pretense to execute the very contract intended to be executed. An agreement based on such an inducement is voidable. *Colorado Inv. Loan Co. v. Beuchat*, 48 Colo. 494, 111 P. 61, 64 (1910); *see also  Southwest Administrators*, 791 F.2d at 774; *see also* 12 Williston on Contracts § 1488 at 332 (3d ed. 1970). To properly plead fraud in the inducement, a plaintiff must establish: first, the misrepresentation must have been either fraudulent or material; second, the misrepresentation must have induced the recipient to make the contract; third, the recipient must have been justified in relying on the misrepresentation. See Restatement (Second) of Contracts § 164 (1981). Each element  must be met to render the contract voidable.  *See Colorado Plasterers' Pension Fund v. Plasterers' Unlimited, Inc.*, 655 F. Supp. 1184, 1187 (D. Colo. 1987).

Here, the alleged "fraud" occurred when counsel for Aurora "failed to provide a significantly revised draft [of the Settlement Agreement] … until just before a Court status conference to schedule a hearing for preliminary injunction."  This does not constitute fraud. *Id.* Additionally, as discussed above, a plaintiff alleging fraud must set forth the time, place and contents

of the alleged false representation, the identity of the party making the false statements, and the consequences thereof.  *See Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997).

Next, plaintiff claims that the Settlement Agreement is void *ab initio* because it settles or waives various statutory claims.  But the Settlement Agreement on its face does not seek to waive, prospectively, any future legal rights.  Rather, it addressed *existing* claims – Aurora's assertion of a default and foreclosure, and plaintiff's assertion of the Dismissed Claims.  Plaintiff's argument that such claims cannot be settled once raised is illogical and without legal support.  Plaintiff's attempt to declare the Settlement Agreement void or voidable after he already obtained the benefit there under (delaying foreclosure) is without merit. These claims should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

## VII.   Plaintiff's Claim for Fraud Fails to Comply with Fed.R.Civ.P. 9.

Plaintiff's eighth claim for relief is entitled "Stipulated Dismissal Procured by Fraud." However, this claim consists of one sentence, seemingly unrelated to the stipulation for dismissal. As discussed above, the complaint lacks averments regarding the "who, what, where, when and how" required under Rule 9, plaintiff does not allege facts to meet even the bare elements, like reliance, damages and causation.  As such, this claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## VIII.   Plaintiff's Claims for Violations of the FDCPA Fail as a Matter of Law.

As discussed above, plaintiff's ninth and tenth claims for violations of the FDCPA were dismissed with prejudice as part of the Dismissed Claims, and were waived in the Settlement Agreement.  However, these claims still fail as a matter of law.  Plaintiff's claim for violation of the FDCPA is based on the Aurora's state court foreclosure action.

The FDCPA is limited to situations where a "debt collector" is engaged in the collection of a "debt" against a "consumer."  15 U.S.C. § 1692(a)(5)-(6); *see also Beadle v. Haughey*, 2005 U.S. Dist. LEXIS 2473, * 7 (D.N.H. 2005) (Discussing elements of an FDCPA claim, stating that an FDCPA plaintiff must prove "(1) [they] have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" . . . and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.")   A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due." 15 U.S.C. § 1692a(6).  Notably, the Act specifically limits the definition of "debt collector" with respect to any person involved in the foreclosure of a security interest to section 1692(f)(6).  See 15 U.S.C. § 1692a(6); *see also, e.g., Montgomery*, 346 F.3d at 699 (6th Cir. 2003).

Under section 1692f(6), liability is limited to situations where there is no security interest in the property.  E.*g., Maynard v. Bryan W. Cannon, P.C.*, 650 F. Supp. 2d 1138, 1142 (D. Utah 2008).  Plaintiff has not alleged there was no security interest in the property; on the contrary, he alleges the existence, as he must, of the Deed of Trust.  Compl. ¶ 10.

Because the definition of a debt collector is limited with respect to the foreclosure of a security interest, the substantial weight of authority holds that the enforcement of a security interest through a non-judicial foreclosure does not constitute debt collection activity subject to the FDCPA, except as provided in section 1692f(6).  *See, e.g., Fouche' v. Shapiro & Massey L.L.P.*, 575 F.Supp.2d 776, 785 (S.D. Miss. 2008) ("most federal courts have held that the provisions of the FDCPA (with the exception of § 1692f(6) and § 1692i(a)) . . . to be

inapplicable to the enforcement of security interests, such as in the context of the typical non-judicial home foreclosure"); *Beadle*, 2005 U.S. Dist. LEXIS 2473, * 3 (D.N.H. Feb. 9, 2005) ("[n]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA"); *Kaltenbach v. Richards*, 464 F.3d 524, 527, 527 n.3 (5th Cir. 2006); *Overton v. Foutty & Foutty*, LLP, 2007 U.S. Dist. LEXIS 61705, * 16 (S.D. Ind. August 21, 2007) (collecting authorities).

**IX.     Plaintiff's Claims for Violations of TILA Fail as a Matter of Law.**

Plaintiff's eleventh and twelfth claims for violations of TILA are barred by the doctrine of res judicata, waiver and the statute of limitations.   Further, Plaintiff has failed to state a claim against Aurora for violation of TILA.   As discussed above, Plaintiff's TILA claims were among the Dismissed Claims and explicitly waived in the Settlement Agreement.

A.   Plaintiff's TILA Claim is Time Barred.

15 U.S.C. §1640(e), provides a one year statute of limitations, measured from the date of occurrence of the violation.   *See also, Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008).   The occurrence of a violation is not indefinite or ongoing, but runs from a specific time and event.   *See Stevens v. Rock Springs National Bank*, 497 F.2d 307, 309 (10th Cir. 1974).   A disclosure violation occurs "at the time a contractual relationship is created between a creditor and a customer." *Id.* at 310.   Thus the statute of limitations period on a TILA claim begins on the date the Note was signed.   *See  Bentacourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (U.S. Dist., CO, 2004).   *See also, Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 311 (10th Cir. 1974) (TILA has a one year statute of limitations, and no claim arises for failure to provide accurate disclosures until the final closing occurs). Here, the Loan documents were signed

on July 14, 2006 (Compl. ¶10); thus the statute of limitations for any TILA claim expired on July 15, 2007 – nearly *three  years* before this suit was filed.

B.  Plaintiff Does Not State a TILA Claim Against  Aurora.

Aurora and the other "defendants" are not liable under TILA.  TILA defines  a "creditor" as one who both (1) regularly extends consumer credit . . .; and (2) *is the one to whom the debt is initially payable on the face of the evidence of indebtedness.  See* 15 U.S.C. § 1602(f).  Here, the Loan was initially payable to LoanCity, thus defendant LoanCity is the "creditor."  *See* Compl. ¶ 10.   Plaintiff alleges a host of nefarious activities by LoanCity, but continues, throughout the remainder of the complaint, to generically lump "defendants" as the original creditor.  *See, e.g.,* Compl. ¶¶ 63-91.[7]

Similarly, TILA only permits claims against "assignees" if the alleged disclosure violations were "apparent on the face" of the disclosures.  *See* 16 U.S.C. §1641(a).  *See also, Ramadan v. Chase Manhattan Corp.,* 229 F.3d 194, 197 (3rd Cir., 2000).  This means that (1) a disclosure can be determined to be incomplete or inaccurate by comparing the disclosure amounts listed on the face of the document; or (2) a disclosure does not use the terms or format required by TILA.  *See* 15 U.S.C. 1641(e)(2).  Here, plaintiff does not plead any facts (let alone "plausible" facts), that would show an error "apparent on the face" of the disclosures.  Thus, plaintiff does not assert any viable claim against Aurora, or any others as "assignees" of the Note.

---

[7] This generic lumping of "defendants," with no relevant facts supporting a claim against them, is precisely the type of conclusory allegations that *Twombly* and *Ashcroft, supra,* prohibit.  Nowhere in the complaint does plaintiff allege a single fact to show any contact between himself and these "defendants" during the loan-origination or disclosure-giving process.

C. The Servicer is Not Liable Under TILA.

Simply put, TILA provides that a "servicer" is not liable like other "assignees," even if the servicer takes an assignment of the loan in order to enforce it. *See* 15 U.S.C. §1641(f). *See also*, *Colman v. Wendover Funding,* 1996 U.S. App. LEXIS 14251 (10th Cir. 1996); *Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1185 (4th Cir., 1985) (only the "creditor" can be held liable under TILA); *Adams v. Nationscredit Fin. Servs. Corp.,* 351 F. Supp. 2d 829, 835 (U.S. N.D. Ill., 2004) (Loan servicer not liable under TILA because only creditor, owner or assignee can be held liable under TILA). Here, plaintiffs claim that Aurora is only the servicer of their mortgage Loan (Compl. ¶¶ 4, 12), thus, as a matter of law, Aurora has no liability to plaintiffs for the alleged TILA violations.

In short, plaintiffs TILA claims are long-since time barred, do not apply to Aurora, fail to provide any facts that would support a plausible claim, and should be dismissed  with prejudice pursuant to Rules 8 and 12(b)(6), Fed.R.Civ.P.

X.      **Plaintiff's Claim for Violation of the FCRA Fails as a Matter of Law.**

Plaintiff's thirteenth claim alleges that Aurora violated 15 U.S.C. § 1681(s)(2)-(b).  As discussed above, this claim was dismissed with prejudice along with the Dismissed Claims, and was explicitly waived in the Settlement Agreement.  In addition, it fails as a matter of law.

Under the FCRA, when a furnisher of credit information receives notice of a dispute from a CRA, the furnisher must (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.  *See* 15 U.S.C. §

1681s-2(b); *See also Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. Appx. 744, 750-751 (10th Cir. 2009).   These duties arise only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).   *Id.*   Here, plaintiff has not, nor can he, allege that Aurora received notice of dispute from a CRA.   Plaintiff has raised his claim under § 1861s-2(b), but he has provided no facts to support the elements of such a claim.   Therefore, the claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## XI.   Plaintiff's Fourteenth Claim for Breach of Contract Fails to State any Claim Relief.

Plaintiff's fourteenth claim for relief is entitled "breach of contract."   However, this claim consists of an incorporating paragraph and one nonsensical sentence: "Such actions and inactions breached [Aurora's] express and implied obligations under its contractual obligations to Plaintiff [sic] all his damages."   Compl. ¶ 104.   Notwithstanding the fact that this sentence is identical to the same nonsensical claim dismissed with the Dismissed Claims, it provides no facts to suggest the existence of a contract, how Aurora allegedly breached any term of that contract, whether it was material, or how the breach caused plaintiffs damages.   Plaintiff has failed to meet the most basic pleading standards under Rule 8 as set forth in *Twombly* supra, and this claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## XII.   Plaintiff Cannot Meet the Elements of His Fifteenth, and Seventeenth Claims for Intentional Misrepresentation.

Plaintiff's fifteenth and seventeenth claims are for intentional misrepresentation.   In order to maintain an action for intentional misrepresentation, the Plaintiff must show (1) a representation as to a matter of fact; (2) which was untrue and known to have been untrue by the person who made it; (3) that was made with an intent to deceive and for the purpose of inducing the other party to act

on it; and (4) that the hearer did in fact rely on it to his injury or damage.  *See Knight v. Cantrell*, 154 Colo. 396 (Colo. 1964).

Plaintiff's claim is based on the alleged intentional concealment of "material information" that is "required by federal statutes and regulations." Compl. ¶ 111.  These conclusory allegations do not meet the plausibility standard under Rule 8, *Ashcroft*, and *Twombly*, supra.  Moreover, plaintiff has not alleged, nor can he, that these "defendants" made any representations whatsoever in connection with the loan closing because, as plaintiff admits, LoanCity was the originating lender. Compl. ¶ 10.

### XIII.   Plaintiff's Negligent Misrepresentation Claim is Barred by the Statute of Limitations.

In his sixteenth claim, Plaintiff alleges "negligent misrepresentation."  The statute of limitations for a claim of negligent misrepresentation is two years.  *See* C.R.S. §13-80-102(1); s*ee also Ebrahimi v. E.F. Hutton & Co*., 794 P.2d 1015, 1016-17 (Colo. Ct. App. 1989).  Here, the alleged misrepresentation occurred, at the latest, on June 14, 2006.  Compl. ¶ 10.  The statute of limitations for their alleged negligent misrepresentation claim thus expired, at the latest, on June 15, 2008, two years before this case was filed.

Even if not time barred, the claim would still fail as a matter of law.  In Colorado, the elements of negligent misrepresentation are as follows:

> (1) One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information; and

(2) the liability stated in subsection (1) is limited to loss suffered (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it.

*See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1070 (Colo. 1984).

Plaintiff's claim is based on a failure to provide certain information in connection with the loan origination. *See* Compl. ¶ 111. Even if this allegation were true, it is not actionable against Aurora. First, plaintiff admits that LoanCity, not the Aurora, was involved in the loan origination. *See* Compl. ¶¶10, 63-91. Second, there are no plausible factual allegations to establish that any information was false, that it was provided by the Aurora for the guidance of plaintiff, that plaintiff justifiably relied upon such information, or that plaintiff suffered any damages therefrom. Plaintiff fails to state a plausible claim for negligent misrepresentation, and the claim must be dismissed pursuant to F.R.C.P. 8 and 12(b)(6).

**XIV.   Plaintiff Cannot Meet the Elements of His Eighteenth Claim for Civil Conspiracy.**

Plaintiff's civil conspiracy claim alleges an unspecified conspiracy to defraud the Plaintiff between LoanCity and Aurora (who became the assignee of the loan, two years after its origination). This claim was originally dismissed with prejudice as part of the Dismissed Claims, and released pursuant to the Settlement Agreement.

To establish civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result. *Jet Courier Serv., Inc. v. Mulei,* 771 P.2d 486, 502 (Colo. 1989). The court may not infer the agreement necessary to form a conspiracy; evidence of such an agreement must be presented by the plaintiff. *More v. Johnson,* 193 Colo. 489, 494, 568 P.2d 437, 440 (1977). Additionally, the purpose of the conspiracy must

20

involve an unlawful act or unlawful means. *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995). A party may not be held liable for doing in a proper manner that which it had a lawful right to do. *Contract Maintenance Co. v. Local No. 105*, 160 Colo. 190, 194-95, 415 P.2d 855, 857 (1966).

In order for the allegations of conspiracy to reach the plausibility threshold required by *Twombly,* they must include factual detail regarding the "specific time, place, and persons involved in the conspiracy alleged." *See In re Se Milk Antitrust Litig.,* 555 F.2d 934, 942 (E.D. Tenn. 2008); *see also Patel v. Pacific Life Ins. Co.,* 2009 U.S. Dist. LEXIS 44105, * 50 (N.D. Tex. 2009) (interpreting *Twombly* in the context of a civil conspiracy claim, holding "[t]he conspiracy claim identifies no specific time or place in which any meeting of the minds took place . . . [and therefore] Plaintiffs have not pled the factual specificity to push their claim above the speculative level from conceivable to plausible."); *In re LTL Shipping Servs. Antitrust Litig.,* 2009 U.S. Dist. LEXIS 14276, * 44-50 (N.D. Ga. 2009) (discussing pleading requirements for conspiracy claims under *Twombly*).

Furthermore, because the Plaintiff's conspiracy claim includes allegations of fraud, Plaintiffs must also meet the heightened pleading standard of Fed.R.Civ.P. 9. Here, Plaintiff has failed to plead any facts to show that LoanCity and Aurora identified an object to be accomplished; achieved a meeting of the minds on the object or course of action; committed an unlawful overt act; and damaged Plaintiff as a proximate result. Plaintiff has failed to plead a plausible claim for civil conspiracy and this claim should be dismissed with prejudice under Fed.R.Civ.P. 12(b)(6).

**XV.    Plaintiff Cannot Meet the Elements of His Nineteenth Claim for RICO Violation.**

Plaintiff's nineteenth claim for relief alleges violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") and its state counterpart Colorado Organized Crime Control Act (COCCA).    This claim was originally dismissed with prejudice as part of the Dismissed Claims, and released pursuant to the Settlement Agreement.    Plaintiff's claim is wholly devoid of factual support and fails to state any "plausible" claim for relief against Aurora.    Additionally, the heightened standard in Rule 9 applies to Plaintiff's RICO claim because the predicate acts in plaintiff's RICO claim involve allegations of fraud.    Comp. ¶ 125.

Plaintiff's entire claim hinges on the premise that Aurora is not the holder of the Note. Notwithstanding the fact that this statement is false, Rule 9 requires a plaintiff to state the time, place and specific content of the alleged false representations, as well as the identities of the parties that made those representations.    *See Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997).    This particularity requirement also applies to the specific RICO elements. *See U.S. v. Turkette*, 452 U.S. 576, 582-583 (1981).    As recently recognized by one court, "[t]he *Twombly* decision . . . adds new bite to the RICO requirement that the Plaintiffs describe the agreement to conspire in the complaint."    *Solomon v. Blue Cross & Blue Shield Ass'n,* 574 F.Supp.2d 1288, 1292 (S.D. Fla. 2008); *see also Managed Care Litig. v. Cigna Corp.,* 2009 U.S. Dist. LEXIS 18731, * 12 (S.D. Fla. 2009) (dismissing RICO claim where plaintiffs failed to allege facts indicating the formulation of a conspiracy).

Because Plaintiff fails to plead his RICO and COCAA claims with particularity, they should be dismissed pursuant Rule 12(b)(6), Fed.R.Civ.P.

**XVI.   Plaintiff's Quiet Title Claim Fails as a Matter of Law.**

A plaintiff in a quiet title action bears the burden of establishing title in the property superior to that of the defendant. *See Hutson v. Agricultural Ditch & Reservoir Co.*, 723 P.2d

736, 738 (Colo. 1986).  "In an action seeking to quiet title the plaintiff must rely on the strength of his own title rather than on the weakness in or lack of title in defendants." *Morrissey v. Achziger*, 147 Colo. 510, 513, 364 P.2d 187, 189 (1961). See also Fastenau v. Engel, 129 Colo. 440, 270 P.2d 1019 (1954).

Here, Plaintiff's claim makes no reference to the strength of his claim to title.  Rather, Plaintiff appears to attack Aurora's status as a "real party in interest" with regard to the state court foreclosure, making general and nonsensical allegations related to asset backed securities. Quite simply, plaintiff has failed to allege facts to support the strength of his own title, therefore his claim fails as a matter of law and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## XVII. Plaintiff's Request for Exemplary Damages Should be Stricken.

Under Colorado law, exemplary damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). "A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. District Court in and for the City and County of Denver*, 619 P.2d 768, 771 (Colo. 1980). Plaintiffs must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id*, *see also Arapahoe County Water & Wastewater Pub. Improvement Dist. v. HDR Eng'g, Inc.*, 2009 U.S. Dist. LEXIS 94936 (D. Colo. 2009).

Here, Plaintiff has requested exemplary damages in his complaint, prior to initial disclosures, or any proof establishing a triable issue.   Therefore, all references to exemplary damages in Plaintiff's complaint should be stricken pursuant to Fed.R.Civ.P. 12(f).

## CONCLUSION

For the foregoing reasons, each of plaintiff's claims against Aurora fails.   Plaintiff's claims have previously been dismissed with prejudice, the complaint fails to plead sufficient facts to nudge the claims across the line from conceivable to plausible, and the claims each fail as a matter of law.

WHEREFORE, Defendant Aurora Loan Services LLC respectfully requests this Court enter judgment in its favor, dismissing each of plaintiffs' claims pursuant to Rules 8, 9 and 12(b)(6), Fed.R.Civ.P., striking all references to exemplary damages pursuant to Rule 12(f), Fed.R.Civ.P., for an award of reasonable attorneys fees and costs, and for such additional relief as the Court deems proper.

Dated this 15th day of October, 2010.

Respectfully submitted,

BLOOM MURR & ACCOMAZZO, P.C.


*s/ Dan C. Jordan*
Dan C. Jordan, Reg. No. 39004
Bloom Murr & Accomazzo, P.C.
410 Seventeenth Street, Suite 2400
Denver, CO  80202
Telephone:  (303) 534-2277
Facsimile:   (303) 534-1313

*Attorneys for Defendant Aurora Loan Services LLC*

<u>CM/ECF CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 15th day of October, 2010, the foregoing MOTION TO DISMISS and proposed Order were electronically filed with the Clerk of the Court using the CM/ECF system and served via the U.S. mail, first class postage pre-paid, upon the following:

Randy S. Goldenhersh
6500 E. Prentice Ave.
Greenwood Village, CO  80111

Janice A. Steinle, Trustee
9249 S. Broadway, Suite 200
PMB 505
Highlands Ranch, CO  80129

U.S. Trustee
999 18th Street, Suite 1551
Denver, CO  80202


*s/ Marsha L. Aragon*
Marsha L. Aragon, legal assistant