IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware limited liability company,
DALE & DECKER, LLC, a Colorado limited liability company,
HOLLY DECKER,
TONI M.N. DALE,
JAMIE G. SILER, ESQ., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee of Arapahoe County, Colorado,

Defendants.
_____

**ORDER**
_____

This matter arises on plaintiff's **Verified Motion for Leave to Supplement and Amend Complaint** [Doc. # 69, filed 3/14/2011] (the "Motion to Amend").

The plaintiff is a lawyer licensed to practice law in the State of Colorado with an active bar membership. Consequently, although technically a "*pro se* litigant," he is not entitled to a liberal construction of his pleadings. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

The proposed Verified Amended Complaint [Doc. # 69-1] is 33 pages in length and contains 170 numbered allegations. It is rambling, argumentative, and contains legal arguments and citations to authority as one might expect in a motion for summary judgment, but not appropriate for a complaint. It purports to assert 16 claims for relief.

The proposed Verified Amended Complaint fails to comply with the pleading requirements of Rule 8, Fed. R. Civ. P. The twin purposes of a complaint are to give the

opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  See <u>Monument Builders fo Greater Kansas City, Inc. v. American Cemetary Ass'n of Kansas</u>, 891 F.2d 1473, 1480 (10th Cir. 1989).  Specifically, Rule 8 requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. . . ."  Fed. R. Civ. P. 8(a).  In addition, Rule 8(d)(1) specifies that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the importance placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for the plaintiff to state a claim, his complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated.  <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10thCir. 2007).  The plaintiff fails in the proposed Verified Amended Complaint to set forth a short and plain statement of his claims showing he is entitled to relief.  The plaintiff acknowledged at the hearing on the Motion to Amend that he can state his claims more directly and with greater clarity.

Although I will deny the Motion to Amend, the denial is without prejudice to the plaintiff's ability to seek leave to file an amended complaint that complies with the requirements of Rule 8 and this order.

IT IS ORDERED that the Motion to Amend [Doc. # 69] is DENIED without prejudice.

Dated April 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge