IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware limited liability company,
DALE & DECKER, LLC, a Colorado limited liability company,
HOLLY DECKER,
TONI M.N. DALE,
JAMIE G. SILER, ESQ., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee of Arapahoe County, Colorado,

Defendants.

---

**ORDER**

---

This matter arises on plaintiff's **Verified Motion for Leave to Supplement and Amend Complaint and Add Defendants** [Doc. # 78, filed 5/16/2011] (the "Third Motion to Amend").

The plaintiff is a lawyer licensed to practice law in the State of Colorado with an active bar membership.  Consequently, although technically a "*pro se* litigant," he is not entitled to a liberal construction of his pleadings.  Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

The plaintiff commenced this action by filing a Complaint [Doc. # 1, filed 8/13/2010] (the "Original Complaint").  The Original Complaint is 29 pages long, includes 138 numbered paragraphs, and asserts 21 claims for relief against six defendants.

The Original Complaint fails to comply with the pleading requirements of Rule 8, Fed. R. Civ. P.  The twin purposes of a complaint are to give the defendants fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the

allegations, if proven, show that the plaintiff is entitled to relief.  See Monument Builders of

Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th

Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  See TV

Communications Network, Inc. v. ESPN, Inc., 767 F. Supp 1062, 1069 (D. Colo. 1991).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of

the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing

that the pleader is entitled to relief; and (3) a demand for the relief sought."  In other words, a

complaint must explain what each defendant did to the plaintiff; when the defendant did it; how

each defendant's actions harmed the plaintiff; and what specific legal rights the plaintiff believes

were violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir.

2007).

        The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, the provisions of Rule 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

        The Original Complaint does not include a short and plain statement of the asserted

claims showing that the plaintiff is entitled to relief.  The plaintiff generally fails to provide clear

and straight-forward factual allegations in support of his claims for relief.  He fails to identify

which claims are brought against which defendants and the actions or failures to act by each

defendant which give rise to the asserted claims.

        The plaintiff sought leave to file a first amended complaint on December 10, 2010.

Verified Motion for Leave to Supplement and Amend Complaint [Doc. # 57].  The request was

denied based on the plaintiff's failure to confer prior to filing the motion, as required by

D.C.COLO.LCivR 7.1A.  Order [Doc. # 61, filed 12/16/2010] at p. 1.  The first motion to amend

also was denied because the plaintiff failed to attach a copy of the proposed amended complaint

to the motion to amend.  Id. at p. 2.

    The plaintiff filed a second motion to amend on March 14, 2011.  Verified Motion for

Leave to Supplement and Amend Complaint [Doc. # 69].  The proposed [Second] Verified

Amended Complaint [Doc. # 69-1] was 33 pages in length and contained 170 numbered

allegations.  It was rambling, argumentative, and contained legal arguments and citations to

authority as one might expect in a motion for summary judgment, but not appropriate for a

complaint.  It purported to assert 16 claims for relief.

    I denied the second motion to amend finding that the proposed [Second] Verified

Amended Complaint failed to comply with the pleading requirements of Rule 8, Fed. R. Civ. P.

Order [Doc. # 77, filed 4/8/2011].   In addition, the plaintiff conceded at the hearing on the

second motion to amend that he could state his claims more directly and with greater clarity.  Id.

at p. 2.

    On May 16, 2011, the plaintiff filed a third motion to amend.  Third Motion to Amend

[Doc. # 78].  The proposed [Third] Verified Amended Complaint [Doc. # 78-1] again fails to

comply with the requirements of Rule 8.  For example, it fails to identify which claims are

asserted against which defendants.  The proposed [Third] Verified Amended Complaint lists

eight defendants in its caption--(1) Aurora Loan Services; (2) Dale & Decker, LLC; (3) Bloom

Murr & Accomazzo LLC; (4) Mortgage Electronic Registration Systems Inc., RALI Series

2006-QH1 Trust; (5) Deutsche Bank Trust Company of the Americas; (6) Lender Processing

Services, Inc.; (7) Keith K. Stephan; and (8) the Public Trustee of Arapahoe County Colorado.

The plaintiff purports to assert numerous claims against the "defendants," even though it is

obvious that some of the defendants played no part in the facts underlying the claims.  As one

example, Keith K. Stephan ("Stephan") purchased the property after the underlying foreclosure.

He had no part in connection with any collection efforts.  Nonetheless, the plaintiff's Second

Claim, asserting a violation of the Fair Debt Collection Practices Act, is brought against all

defendants including, apparently, Stephan.  The plaintiff conceded at argument on the Third

Motion to Amend that this was an error and not his intent.

IT IS ORDERED:

(1)     The Original Complaint [Doc. # 1] is STRICKEN for failure to comply with the

requirements of Rule 8, Fed. R. Civ. P.

(2)     The Third Motion to Amend [Doc. # 78] is DENIED because the proposed

[Third] Verified Amended Complaint also fails to comply with the requirements of Rule 8, Fed.

R. Civ. P.

(3)     The plaintiff may have to and including **July 14, 2011**, within which to submit a

complaint that complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 10, and this Order.  The

description of the nature of the case shall not exceed two typewritten pages, double-spaced.

Each claim for relief shall state the specific legal authority for the claim; must identify with

particularity the defendants the claim is asserted against and must briefly allege facts sufficient

to state a plausible claim for relief as against each such defendant; and shall not exceed two

typewritten pages, double-spaced.

(4)     The plaintiff's failure to comply with this Order may result in a recommendation

4

that the case be dismissed.

     Dated June 22, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge