IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware limited liability company,
DALE & DECKER, LLC, a Colorado limited liability company,
HOLLY DECKER,
TONI M.N. DALE,
JAMIE G. SILER, ESQ., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee of Arapahoe County, Colorado,

Defendants.
_____

**ORDER**
_____

This matter arises on plaintiff's **Verified Motion for Leave to Supplement and Amend Complaint and Add Defendants**[1] [Doc. #90, filed 07/14/2011] (the "Fourth Motion to Amend").

The plaintiff commenced this action by filing a Complaint [Doc. #1] (the "Original Complaint"). I struck the Original Complaint [Doc. #87] because it failed to comply with the pleading requirements of Rule 8, Fed. R. Civ. P. The plaintiff sought leave to file a first amended complaint [Doc. # 57] on December 10, 2010. The request was denied [Doc. # 61] based on the plaintiff's failure to confer prior to filing the motion and because the plaintiff failed to attach a copy of the proposed amended complaint to the motion to amend. The plaintiff filed a

---

[1]The proposed amended complaint does not seek to add defendants. To the contrary, it eliminates several named defendants.

second motion to amend [Doc. # 69] on March 14, 2011.  The motion was denied [Doc. # 77] because the proposed amended complaint failed to comply with the pleading requirements of Rule 8, Fed. R. Civ. P.  On May 16, 2011, the plaintiff filed a third motion to amend [Doc. # 78].  The motion was denied [Doc. #87] because the proposed amended complaint again failed to comply with the requirements of Rule 8.

The plaintiff has now filed a Fourth Motion to Amend the complaint.  The proposed amended complaint (the "Amended Complaint") complies with Rule 8 and with my orders regarding amendment requirements [Docs. #77 and #87].

The defendants oppose the plaintiff's Fourth Motion to Amend because it is filed in bad faith and because the proposed amendments are futile.  The defendants' objection "seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  General Steeel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 *4 (D. Colo. June 20, 2008).  Accordingly,

IT IS ORDERED:

1.  The Fourth Motion to Amend [Doc. #90] is GRANTED;

2.  The Clerk of the Court is directed to accept the Amended Complaint [Doc. #90-1]for filing;

3.  The defendants shall answer or otherwise respond to the Amended Complaint as provided by the Federal Rules of Civil Procedure;

4.  The defendants' motions to dismiss the Original Complaint [Docs. 35 and #37] are DENIED WITHOUT PREJUDICE;

     5.  Defendant Siler's motion to dismiss [Doc. #36] is DENIED AS MOOT because Siler is not named as a defendant in the Amended Complaint; and

     6.  Defendants' Motion to Stay Case Management Deadlines Pending the Filing of a Pleading and a Ruling on the Sufficiency of Plaintiff's Complaint is DENIED AS MOOT.

Dated October 28, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge