IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware limited liability company,
DALE & DECKER, LLC, a Colorado limited liability company,
HOLLY DECKER,
TONI M.N. DALE,
JAMIE G. SILER, ESQ., and
ANNA MARIA PETERS-RUDDICK, as Public Trustee of Arapahoe County, Colorado,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

1.  The defendants' **Notice of Termination of Automatic Bankruptcy Stay** [Doc. #101, filed 09/19/2011;] and

2.  The plaintiff's **Suggestion of Bankruptcy** [Doc. #102, filed 09/22/2011].

The plaintiff filed his initial complaint on August 13, 2010 [Doc. #1].  On July 14, 2011, he filed his fourth motion to amend the complaint [Doc. #90].[1]  In his most recent proposed amended complaint, the plaintiff is attempting to sue Aurora Loan Services LLC and Dale & Decker, LLC, for "violations of The Fair Debt Collection Practices and Fair Credit Reporting

---

[1] The initial complaint was stricken, and two subsequent proposed amended complaints were not accepted for filing, because they did not comply with the pleading requirements of Rule 8, Fed.R.Civ.P. See *Order Dated June 22, 2011* [Doc. #87].

Acts, violations of Colorado foreclosure law, wrongful foreclosure (breach of contract) wrongful issuance of a Public Trustee's deed and subsequent sale to a third party, to quiet title and restore possession; for torts; and civil conspiracy." *Verified Amended Complaint (Proposed)* [Doc. #90-1], p. 1.

On August 12, 2011, the plaintiff notified the court [Doc. #99] that he filed a Chapter 13 bankruptcy petition in Case No. 11-27950-ABC in the United States Bankruptcy Court for the District of Colorado on July 28, 2011.

On September 19, 2011, the defendants filed a notice [Doc. #101] that the Bankruptcy Court had entered an order denying the plaintiff's motion to continue the stay. The order states in part that "the stay **with respect to any action taken** with respect to a debt or property securing such debt or with respect to any lease will terminate **with respect to the debtor** on the 30th day after the filing of this case." *Order Denying Motion to Continue Stay* [Doc. #101-1] (emphasis in original).

On September 22, 2011, the plaintiff filed a notice "suggesting" that the bankruptcy stay was still in effect as to this case. Specifically, the plaintiff asserts that he included this case as a part of the property of the Chapter 13 Estate and Plan and that because the Bankruptcy Court terminated the stay only "with respect to the debtor" the stay is not lifted as to the estate (and this case).

I ordered the parties to further brief the matter [Doc. #103]. The parties have submitted their briefs [Docs. #104, 105, and 106]. I have reviewed the briefs and the applicable law, and I find that the automatic bankruptcy stay does not affect this action.

The automatic stay is imposed by 11 U.S.C. § 362. The Tenth Circuit Court of Appeals

has described the stay as "the central provision of the Bankruptcy Code. When a debtor files for bankruptcy, section 362 prevents creditors from taking further action against him except through the bankruptcy court. The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group." In re Gindi, 642 F.3d 865, 870 (10th Cir. 2011).

The automatic stay imposed by 11 U.S.C. § 362 does not prevent the parties against whom the debtor has commenced a cause of action from defending themselves. In re Bryner, 425 B.R. 601 (10th Cir. BAP 2010). In Bryner, a Chapter 13 debtor sued several individuals for violating the automatic stay when the defendants moved to set aside a default judgment obtained by the debtor prior to filing his bankruptcy petition. The Bankruptcy Appellate Panel held that the automatic stay did not prevent the defendants from "protecting their legal rights in the proceedings initiated against them by [the debtor]." Id. at 608.

Citing Bryner, the Tenth Circuit Court of Appeals upheld the district court's decision that the automatic bankruptcy stay did not apply to an action brought by, rather than against, the debtor. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp., 412 Fed.Appx. 89, 95-96 (10th Cir. Jan. 5, 2011). Accordingly,

IT IS ORDERED that this case may proceed and is not subject to the automatic bankruptcy stay.

Dated October 28, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge