IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

Plaintiff,

v.

AURORA LOAN SERVICES LLC, a Delaware limited liability company, and
DALE & DECKER, LLC, a Colorado limited liability company,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to 12(b)(6)** [Doc. #110, filed 11/14/2011] (the "Motion"). On November 17, 2011, I converted the motion to one for summary judgment under Fed. R. Civ. P. 56, and I ordered the plaintiff to respond as provided in Rule 56. [Doc. #113]. The plaintiff filed his response on December 13, 2011 [Doc. #117] (The "Response"). I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The plaintiff is a lawyer licensed to practice in the State of Colorado with an active bar membership. Consequently, although technically a "pro se litigant," he is not entitled to a liberal construction of his pleadings. Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S.

144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS

1. The plaintiff entered into a mortgage loan transaction with LoanCity on July 14, 2006. *Complaint*, Ex. 1, p. 1.

2. The loan was evidenced by a promissory note and a deed of trust encumbering the plaintiff's property in Greenwood Village, Colorado (the "Property"). Id.; Ex. 2.

3. On November 23, 2009, the Arapahoe County District Court issued an order authorizing the sale of the Property in case number 2009cv205048. *Motion*, Ex. C.

4. On February 22, 2010, the plaintiff filed a previous action in the Arapahoe County District Court which asserted state and federal claims against Aurora Loan Services; Dale & Decker, LLC; Holly Decker; Toni Dale; and the Public Trustee of Arapahoe County. The plaintiff asserted claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et. seq.*; the Fair Debt Collection Practices Act, 18 U.S.C. § 1692 *et seq.*; the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639; and the Due Process Clause to the Fourteenth Amendment to the United States Constitution. The plaintiff also sought to enjoin the foreclosure sale. On February 24, 2010, the defendants removed the previous action to this court. *Civil Action No. 10-cv-00407-MSK-MEH*, Document #1.

5. On April 2, 2010, the parties to the previous action entered into a settlement agreement (the "Settlement Agreement") and filed a stipulation to dismiss all claims with prejudice. *Verified Amended Complaint* [Doc. #90-1; also docketed as #112] (the "Complaint"), Ex. 8.

6. In the Settlement Agreement, the plaintiff expressly "acknowledges his liability under the Loan and further acknowledges that he presently is in default under the Loan for failure to make monthly payments due and owing to Aurora." Id. at p. 1, fourth consecutive recital.

7. Aurora agreed to dismiss the pending state court foreclosure action and to provide the plaintiff with a copy of the Note, Deed of Trust, and Assignment in Aurora's possession. See Id. at Ex. 7, ¶¶ 4, 5, 6. In exchange, the plaintiff expressly acknowledged that Aurora had authority

3

to foreclose, waived all challenges to the new foreclosure action to be filed, and released Aurora from all claims, including those asserted in this case. Id. at Ex. 7, ¶¶ 7, 8, 9.

8. On May 12, 2010, the Arapahoe County District Court entered a second order authorizing sale of the Property in case number 2010cv201729. *Motion*, Ex. D.

9. In a hearing held on January 26, 2011, the Arapahoe County District Court found that Aurora Loan Services was entitled to possession of the Property. *Reply in Support of Defendants' Motion for Summary Judgment . . . .* [Doc. #121] (the "Reply"), Ex. A.

### III.  ANALYSIS

As a preliminary matter, the plaintiff states that summary judgment is premature because the plaintiff "has not yet been afforded any discovery." *Defendant's* [sic] *Memorandum in Opposition to Defendants' Motion for Summary Judgment . . .* [Doc. #117] (the "Response"), p. 1. Rule 56(d), Fed. R. Civ. P., provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

The plaintiff has not presented an affidavit nor has he specified why he cannot present facts in opposition to the defendants' Motion.[1] The plaintiff does not address the information he needs or why that information is necessary to respond to the defendants' Motion. "[Rule 56(d)] may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact."

---

[1] Indeed, he filed a response to the defendants' Motion on December 13, 2011.

Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986). Therefore, to the extent the plaintiff complains that he "has not yet been afforded any discovery," he has failed to justify an order denying or deferring consideration of the motion.

The defendants state that Claims Two, Three, and Four are barred by the doctrine of res judicata and the terms of the settlement agreement. *Motion*, p. 6. Res judicata, or claim preclusion, "prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits." Coffman v. Veneman, 175 Fed.Appx. 985, 985 (10th Cir. 2006). Federal claim preclusion law applies to determine the effect of the judgment of a federal court. Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999). For claim preclusion to apply, the following elements must exist: (1) a judgment on the merits in a prior action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in the two suits. Id. at 1226.

"[A] voluntary dismissal with prejudice upon an order of the court, based on [a] settlement agreement" is considered a judgment on the merits and is "*res judicata*--barring a later lawsuit on the same transaction or occurrence." Brooks v. Barbour Energy Corp., 804 F.2d 1144, 1146 (10th Cir. 1986). The parties in the previous action voluntarily dismissed the case with prejudice pursuant to the Settlement Agreement. This dismissal constitutes a judgment on the merits, thus fulfilling the first requirement.

In the previous action, the plaintiff sued Aurora Loan Services and Dale & Decker. Therefore, the requirement for identity of parties also is met.

The third and final requirement is that there be identity of the cause of action in both suits. The Complaint in this case asserts five claims: (1) breach of the Settlement Agreement;

(2) "wrongful foreclosure"; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"); (4) violation of the Fair Credit Reporting Act ("FCRA"); and (5) "the Settlement Agreement is Voidable." Claim Two ("wrongful foreclosure") arises from the plaintiff's default on his loan--the same occurrence that formed the basis of Claim One in the previous action (titled "defendants violated foreclosure law and procedures"). Claims Two and Three (FDCPA and FCRA) challenge the defendants' actions and inactions in collecting and reporting the plaintiff's debt. *Complaint*, p. 8. These claims arise from Aurora Loan Services' involvement in the loan process--the same occurrence that formed the basis of his FDCPA and FCRA claims in the previous action. Therefore, the third requirement regarding identity of claims is met as to the current claims for "wrongful foreclosure" and violations of the FDCPA and FCRA. The Motion should be granted insofar as it seeks dismissal of Claims Two, Three, and Four as barred by claim preclusion.

The plaintiff is left with Claims One and Five regarding the validity of the Settlement Agreement. Both are state law contract claims. This court may decline to exercise supplemental jurisdiction over the plaintiff's state law contract claims when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The plaintiff based jurisdiction on his federal claims. *Complaint*, p. 1, ¶ 1.[2] Because the plaintiff's federal question claims are barred by claim preclusion, I recommend that the court decline to exercise supplemental

---

[2]Under 28 U.S.C. § 1332(a), diversity jurisdiction exists only where there is complete diversity. Complete diversity exists where all plaintiffs are of a different citizenship than all of the defendants. Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp., 897 F.2d 461, 463 (10th Cir.1990). Complete diversity does not exist in this case. *Complaint*, pp. 1-2, ¶ 2-5.

jurisdiction over the remaining state contract claims. Claims One and Five should be dismissed without prejudice.

## IV. CONCLUSION

I respectfully RECOMMEND:

1. The Motion be GRANTED insofar as it seeks judgment in favor of the defendants on Claims Two, Three, and Four;

2. The Motion be DENIED to the extent it seeks judgment in favor of the defendants on Claims One and Five; and

3. Claims One and Five be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 25, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge