**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01936-WJM-BNB

RANDY S. GOLDENHERSH,

      Plaintiff,

v.

AURORA LOAN SERVICES, LLC, a Delaware limited liability company, and
DALE & DECKER, LLC, a Colorado limited liability company,

      Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING
THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on the April 25, 2012 Recommendation by U.S.

Magistrate Judge Boyd N. Boland (the "Recommendation") (ECF No. 123) that

Defendants' Motion for Summary Judgment be granted in part and denied in part.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

      The facts relevant to a resolution of Defendants' Motion for Summary Judgment

are detailed in the Recommendation.  Briefly, Plaintiff alleges that Defendants

wrongfully foreclosed on his real property and violated a Settlement Agreement which

ended prior litigation in state court between the parties.  (ECF No. 123 at 4-6.)

      Plaintiff's Amended Complaint for purposes of ruling on Defendants' Motion for

Summary Judgment was filed on October 28, 2011.  (ECF No. 112.)  Plaintiff brings five

claims: (1) breach of the Settlement Agreement; (2) "wrongful foreclosure"; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"); (4) violation of the Fair Credit Reporting Act ("FCRA"); and (5) "the Settlement Agreement is Voidable."  (*Id.*)

On November 14, 2011, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 110.)  On November 17, 2011, the Magistrate Judge converted the Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 56, and ordered Plaintiff to respond as provided in Rule 56.  (ECF No. 113.)  On December 13, 2011, Plaintiff filed his Response to Defendants' Motion (ECF No. 117), and Defendants filed their Reply to Plaintiff's Response on January 13, 2012 (ECF No. 121).

On April 25, 2012, the Magistrate Judge issued his Recommendation that Defendants' Motion for Summary Judgment be granted in part and denied in part. (ECF No. 123.)  Specifically, the Magistrate Judge recommends that summary judgment be granted on Plaintiff's claims for wrongful foreclosure and for violations of the FDCPA and FCRA because such claims are barred by the doctrine of *res judicata*. (*Id.*)  The Magistrate Judge further recommends that the Court decline to exercise supplement jurisdiction over Plaintiff's remaining state law contract claims.  (*Id.*)

On May 10, 2012, Plaintiff filed a timely Objection to the Recommendation. (ECF No. 124.)  Defendants filed their Response to Plaintiff's Objection on May 24, 2012.  (ECF No. 125.)

For the reasons stated below, Plaintiff's Objection to the April 25, 2012 Recommendation is overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and Defendants' Motion for Summary Judgment is granted in part and

-2-

denied in part.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge

"determine *de novo* any part of the magistrate judge's [recommendation] that has been

properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district

court judge may accept, reject, or modify the recommendation; receive further

evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Summary judgment is appropriate only if there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem*

*Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute

as to a material fact depends upon whether the evidence presents a sufficient

disagreement to require submission to a jury or, conversely, is so one-sided that one

party must prevail as a matter of law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,

248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v.*

*U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual

dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a

reasonable juror could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The

Court must resolve factual ambiguities against the moving party, thus favoring the right

to a trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527

(10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

Further, although Plaintiff is technically a "*pro se* litigant," he is also a licensed attorney with an active Colorado bar membership, and therefore not entitled to a liberal construction of his pleadings. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Regardless, even if the Court were to construe Plaintiff's fillings and pleadings liberally, Plaintiff's *pro se* status does not relieve him of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends in his April 25, 2012 Recommendation that Defendants' Motion for Summary Judgment be granted in part and denied in part. (ECF No. 123.) Specifically, the Magistrate Judge recommends that summary judgment be granted on Plaintiff's claims for wrongful foreclosure and for violations of

the FDCPA and FCRA because such are barred by the doctrine of *res judicata*.[1]  (*Id.*)

The Magistrate Judge further recommends that the Court decline to exercise

supplement jurisdiction over Plaintiff's remaining state law contract claims.  (*Id.*)

Plaintiff objects to these findings and argues that Defendants and their counsel

engaged in deceptive actions and practices.  (ECF No. 124.)  Further, Plaintiff argues

that he needs discovery to prove his claims.  (*Id.*)  The Court only reviews *de novo*

portions of the Recommendation to which a specific objection was made.  Otherwise,

the Court reviews the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

Plaintiff argues in his Objection that he should be allowed to take discovery in

order to prove his claims.  Federal Rule of Civil Procedure 56(d) governs requests for

additional time to take discovery.  Fed. R. Civ. P. 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition [to a motion for summary
> judgment], the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

*Id*.

Plaintiff attached an affidavit to his Response to Defendants' Motion (ECF No.

117, Ex. 1), and attached a supplemental affidavit to his Objection (ECF No. 124, Ex.

1).  However, neither affidavit specifies why Plaintiff cannot present facts in opposition

---

[1]     *Res judicata*, or claim preclusion, "prevents parties from re-litigating issues that were or could have been raised in an action that has received a final judgment on the merits." *Coffman v. Veneman*, 175 Fed. Appx. 985, 985 (10th Cir. 2006).

to Defendants' Motion, nor do the affidavits address what information Plaintiff needs or why that information is necessary to respond to the Defendants' Motion.  "[Rule 56(d)] may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact."  *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  Further, even if the Court were to read Plaintiff's filings liberally, as Plaintiff asserts, such a liberal reading does not relieve him of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law.  *See McNeil*, 508 U.S. at 113; *Ogden*, 32 F.3d at 455.  Accordingly, Plaintiff has failed to justify an order denying or deferring consideration of Defendants' Motion.

The Court has reviewed the remaining rulings of the June 4, 2012 Recommendation and finds no clear error in the Magistrate Judge's determinations. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings".).  Plaintiff did not object to the Magistrate Judge's recommendation that summary judgment be granted on Plaintiff's wrongful foreclosure, FDCPA, and FCRA claims because they are barred by the doctrine of *res judicata*.  Moreover, Plaintiff did not object to the Magistrate Judge's recommendation that the Court decline to exercise supplement jurisdiction over

-6-

Plaintiff's remaining state law contract claims.[2]  Accordingly, the Magistrate Judge's

Recommendation is adopted with respect to these claims.[3]

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's objection to the Magistrate Judge's April 25, 2012 Recommendation

(ECF No. 123) is OVERRULED and the Recommendation is ADOPTED in its

entirety;

2.    Defendants' Motion for Summary Judgment (ECF No. 110) is GRANTED IN

PART and DENIED IN PART;

3.    Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's

wrongful foreclosure claim (Claim One), FDCPA claim (Claim Two), and FCRA

claim (Claim Three), and the Clerk of the Court is DIRECTED to enter judgment

---

[2]       Plaintiff's two remaining claims are grounded in state law.  A federal court does not have independent jurisdiction over state law claims unless those state law claims "turn on substantial questions of federal law."  *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005).  Further, federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right."  *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (internal citation omitted)).  None of the state law claims at issue in this case turn on substantial questions of federal law.  Therefore, the Court finds that the remaining claims would be better addressed in state court and declines to exercise its supplemental jurisdiction over these claims.  *See TV Commc'ns Network, Inc*., 964 F.2d at 1028.  In the Court's view this result is particularly appropriate here given that the gist of Plaintiff's state law claim arise out of the alleged breach of a settlement agreement disposing of the prior litigation between the Parties litigated in *state* court.

[3]       Plaintiff additionally makes factual arguments in his Objection that Defendants and their counsel engaged in deceptive practices which support his state law claims.  However, the Court is declining to exercise supplemental jurisdiction on these claims, and takes no position on their merit.  These claims will be dismissed without prejudice, and nothing in this Order prevents Plaintiff from bringing these claims and pursuing discovery in state court.

in favor of Defendants on these claims;

4.     Defendants' Motion for Summary Judgment is DENIED as to Plaintiff's remaining

state law claims as the Court DECLINES to exercise its supplemental jurisdiction

over the claims, and these claims are DISMISSED WITHOUT PREJUDICE; and

4.     Each party shall bear their own costs.

Dated this 16th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge